UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE NORWOOD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　　　Defendant. | Case No. 15-cv-00659 JAH(PCL)<br><br>**ORDER VACATING ALJ'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

## INTRODUCTION

Plaintiff Steven Wayne Norwood ("Plaintiff"), through counsel, filed this action pursuant to 42 U.S.C. 405(g) of the Social Security Act ("the Act'), to obtain judicial review of a "final decision" of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Disability Insurance Benefits under the Act. (See Doc. No. 1). Plaintiff filed a motion for summary judgment and Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. (See Docs. No. 14, 15). After a thorough review of the pleadings and exhibits filed by the parties along with the entire record submitted in this matter, and for the reasons set forth below, the ALJ's decision is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

1

# FACTUAL BACKGROUND

Plaintiff, who was born on February 1, 1959, is currently 58 years of age. AR[5] at 93. Plaintiff has past relevant work experience as an electronics tester. AR at 60, 225. Plaintiff alleges that he has been disabled since January 1, 2005, and suffers from cervical and lumbar spine degenerative disc disease, left elbow neuropathy, right shoulder joint derangement, anxiety disorder, and alcohol abuse. AR at 55.

On June 12, 2012, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. AR at 53. On the same day, Plaintiff also filed a Title XVI application for supplemental security income. Id. Both applications allege a disability onset of January 1, 2005. Id.

The Defendant initially denied Plaintiff's claims on December 15, 2012 and again on April 5, 2013. Id. On May 23, 2013 the Plaintiff filed a written request for a hearing in front of a United States Administrative Law Judge ("ALJ"). Id. On July 10, 2014, with his attorney present, the Plaintiff appeared and testified at the hearing. AR at 68. John P. Kilcher, a vocational expert, also appeared at the hearing. Id. The ALJ denied benefits in a written decision dated August 4, 2014. AR at 50, 61.

Plaintiff filed a request for review of the hearing decision before the appeals council on October 6, 2014. AR at 49. On January 20, 2015, the Appeals Council denied Plaintiff's request for review. AR at 34-38.

# PROCEDURAL BACKGROUND

Plaintiff filed the instant complaint on March 24, 2015. (See Doc. No. 1). Defendant filed an answer on August 7, 2015. (See Doc. No. 11). On October 8, 2015, Plaintiff filed a motion for summary judgment seeking reversal or remand of the Defendant's administrative decision. (See Doc. No. 14). Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion on November 6, 2015. (See Doc. No. 15).

---

[5] AR refers to the administrative record lodged with this Court.

# DISCUSSION

## I. Legal Standards

### A. Qualification for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) she suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).

If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant cannot perform her previous work, the fifth and final step of the process determines whether she is able to perform other work in the national economy considering her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**B. Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997)(citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)(citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984)(citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

**C. ALJ's Reliance On The Vocational Expert**

The Secretary routinely relies on resources such as the *Dictionary of Occupational Titles*, U.S. Dep't of Labor (4th ed. 1977) ("DOT"), as well as the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles*, U.S. Dep't of Labor (1981) (Selected Characteristics). Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The Secretary generally trusts these publications in evaluating whether a claimant is able to perform other work in the national economy. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986); see also 20 C.F.R. §§ 404.1568, 404.1569. Social Security Ruling ("SSR") 00-4p3 provides that "[w]hen a [vocational expert]...provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert]...evidence and information provided in the [DOT]." SSR 00-4p requires that an adjudicator ask the vocational expert "if the evidence he or she has provided" is consistent with the DOT and obtain a reasonable explanation for any apparent conflict. Error could result when an ALJ accepts a vocational expert's testimony which deviates from the DOT without acknowledging and offering a basis for that deviation. Light v. Soc. Sec. Admin., 119, 793-794 (9th Cir. 1997). Yet no error results where the ALJ asks the vocational expert to identify any conflicts between testimony and the DOT, the expert identifies

5

none, and the claimant's attorney does not challenge the expert's testimonial representations during cross-examination. Wentz v, Commissioner Soc. Sec. Admin., 401 Fed.Appx. 189, 191 (9th Cir. 2010) (concluding "the ALJ met his obligations under Massachi and SSR 00-4p to investigate potential conflicts with the DOT").

## II. The ALJ's Decision

In the present case, the ALJ found that Plaintiff was not disabled, from January 1, 2005, as defined by the Social Security Act. AR at 61. The ALJ first found that no evidence was offered indicating Plaintiff engaged in substantial gainful activity since January 1, 2005. AR at 55. In reliance on the record evidence, the ALJ found Plaintiff suffered from the following severe impairments: "cervical and lumbar spine degenerative disc disease; left elbow neuropathy; right should joint derangement; anxiety disorder; and alcohol abuse (20 CFR 404.1520(c) and 416.920(c)." Id. However, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets the standards set in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404. 1525, 404.1526, 416.920(d), 416.925, and 416.926). AR at 56.

In support of its finding that Plaintiff retained a residual functional capacity to perform light work, the ALJ found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. AR at 57. In addition, the ALJ found Plaintiff could stand or walk for 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday, occasionally stoop, crouch, kneel, crawl, and climb stairs. Id. Further, the ALJ found that Plaintiff could occasionally reach overhead with his right dominant arm. Id. The ALJ also found that Plaintiff is limited to working in nonpublic situations and is able to work around coworkers and peers but it precluded him from working jointly with them. Id.

Plaintiff was found to have past relevant work history as an electronics tester. AR at 60. The ALJ defined this employment as relevant because Plaintiff performed the job long enough to learn it and within fifteen years from the date of adjudication. Id. In addition, the ALJ found that Plaintiff's work earnings were at substantial gainful activity levels for the years he performed the job. Id.

At Plaintiff's hearing on July 10, 2014, the ALJ examined John P. Kilcher, a vocational expert. AR at 84. The vocational expert classified Plaintiff's past work experience as "light exertion and semi-skilled." AR at 85. In addition, the ALJ examined Mr. Kilcher with regard to the scope of Plaintiff's employment options despite Plaintiff's limitations. AR at 84-88. The ALJ posed various hypotheticals assessing jobs Plaintiff could perform with his restrictions. Mr. Kilcher stated that Plaintiff was able to perform the job duties of his past relevant work as an electronics tester. AR at 60, 87-88. In addition, Mr. Kilcher outlined that Plaintiff could perform light, unskilled jobs such as an assembler (DOT 706.684-022). AR at 88. Mr. Kilcher stated that there were approximately 1,000 such jobs available in San Diego County region and approximately 750,000 nationally. Id. Mr. Kilcher also stated Plaintiff could likely work as a hand packager (DOT 920.587-018) and machine tender (DOT 920.685-042). AR at 89.

In assessing the Plaintiff's residual functional capacity, the ALJ also relied on the report of Dr. Lichtenstein, Plaintiff's treating physician. AR at 58. Dr. Lichtenstein wrote on June 15, 2010 that he had seen the Plaintiff on November 5, 2008. Id. Dr. Lichtenstein wrote that Plaintiff's back pain had worsened. Id. Exam results showed mild tenderness, reduced range of motion, negative straight leg raising, and normal reflexes. Id. There were few other significant exam findings. Id.

At the hearing, Plaintiff described a variety of mental impairments and related symptoms. AR 79. These primarily included anxiety and difficulty functioning socially. Id. However, the ALJ concluded that Plaintiff had only mild restrictions in daily living. AR at 56. The ALJ noted that Plaintiff was a graduate student, worked on a master's thesis, and prepared for the law school entrance exam. Id. In addition, the ALJ noted the Plaintiff traveled between California, Arizona, Hawaii, and took a trip to Mexico. Id.

In their decision, the ALJ determined that the vocational expert's testimony is consistent with the information contained in the DOT. AR at 61. In addition, the ALJ concluded, based on Mr. Kilcher's testimony, the Plaintiff is capable of making a

successful adjustment to work that exists in significant numbers in the national econconmy. AR at 88. The ALJ deermined that Plaintiff was "not disabled." AR at 61.

### III. Analysis

Plaintiff seeks reversal or remand on the instant matter on the grounds that the vocational expert's testimony deviated from the DOT and its companion publication without stating a persuasive basis for doing so. (See Doc. No. 14 at 4). Defendant cross-moves for summary judgment, contending that (1) there was no conflict between the vocational expert's testimony and the DOT; and (2) notwithstanding the conflict, the ALJ properly resolved it by satisfying the SSR 00-4p requirements as no apparent conflicts existed. (See Doc. No. 15 at 4).

In order to be accurate, an ALJ's hypothetical to a vocational expert must set out all of the impairments. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (citing Baugus v. Sec'y, 717 F.2d 443, 447 (8th Cir. 1983)). The ALJ's depiction of the claimant's limitations set out in the hypothetical must be "accurate, detailed, and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). If the assumptions included in the hypothetical are not supported by the record, the vocational expert's opinion that a claimant can work does not have evidentiary value. Gallant, 753 F.2d at 1456.

Plaintiff's contentions rest on a premise that the ALJ erred by not directly asking the vocational expert if his testimony was consistent with the DOT, and by not finding Plaintiff's inability to reach overhead especially significant.

The Court agrees. While the ALJ's final determination found the vocational expert's testimony to be consistent with the DOT, the ALJ did not ask the vocational expert about this consistency on the record. AR at 61. "If the ALJ relies on a vocational expert, however, she is required to insure that the vocational expert's testimony is consistent with the Dictionary of Occupational Titles ("DOT") by asking the vocational expert if there is a conflict." See Social Security Ruling ("SSR") 00–4p; see also

1   Massachi v. Astrue, 486 F.3d 1149, 1152–54 (9th Cir.2007). Garcia v. Colvin, No. ED
2   CV 12-1365-PJW, 2013 WL 4605488, at *1 (C.D. Cal. Aug. 28, 2013).
3       Here, the ALJ found the Plaintiff was able to occasionally reach overhead with his
4   right dominant arm. AR at 57. The ALJ also found that the Plaintiff could perform his
5   past relevant work as an electronics tester. AR at 60. However, the occupation of
6   electronics tester, categorized by DOT 726.684-026 requires the physical demand of
7   reaching and handling. (See Doc. No. 15, Exhibit 1). The DOT classifies this position as
8   requiring reaching "frequently." Id. This means that the reaching aspects occurs from ½
9   to 2/3 of the time. Id.
10      Though the vocational expert determined that Plaintiff could work as an electronics
11  tester among other potential professions, because Plaintiff has the longest work
12  experience as an electronics tester and because the ALJ has determined this is Plaintiff's
13  relevant work experience, the Court finds that the issue should be remanded for
14  clarification. The ALJ did not ask the vocational expert on the record whether his
15  testimony conflicted with the DOT. Because there is a potential conflict between the
16  vocational expert's testimony and the DOT, and because that conflict was left
17  unexplained in the ALJ's decision, this Court remands for further proceedings.

## CONCLUSION AND ORDER

The decision whether to reverse and remand for further proceedings or reverse and simply award benefits is within the Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175–78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179; Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly

evaluated, remand is appropriate. <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115–16 (9th Cir. 2003).

Here, the evidence shows a potential conflict between the vocational expert's testimony and the DOT. Thus, the case must be remanded for further evaluation in accordance with the five-step sequential process. Additionally, the ALJ shall further evaluate the medical evidence and make appropriate findings in accordance with this opinion.

Accordingly, IT IS HEREBY ORDERED that the ALJ's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: March 28, 2017

_____
JOHN A. HOUSTON
United States District Judge